UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                      :
ADHIAMBO A. MITCHELL,                                 :
                                                      :
                    Plaintiff,                        :
                                                      :
        -v-                                           :          25 Civ. 1183 (JPC)
                                                      :
BP PRODUCTS NORTH AMERICA INC.,                       :          OPINION AND ORDER
d/b/a BP-125 STREET NY, HERON REAL ESTATE             :
CORP., and ACCEDE INC.,                               :
                                                      :
                    Defendants.                       :
                                                      :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Plaintiff commenced this action on February 10, 2025, alleging that a gas station in Upper

Manhattan is not accessible to persons with disabilities in violation of federal, state, and city law.

*See* Dkt. 1.  On November 7, 2025, Plaintiff filed an Amended Complaint adding Accede Inc.

("Accede"), the alleged sublessee or operator of the property, as a Defendant in this action.  Dkt.

31 ("Am. Compl.").  On February 9, 2026, after no proof of service as to Accede had been filed on

the docket, the Court ordered Plaintiff to advise whether he had served Accede with the summons

and Amended Complaint.  Dkt. 47; *see* Fed. R. Civ. P. 4(m) ("If a defendant is not served within

90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—

must dismiss the action without prejudice against that defendant or order that service be made

within a specified time.").  On February 12, 2026, Plaintiff filed an Affidavit of Service, in which

a process server attested that he had served Accede through New York's Secretary of State the day

before.  *See* Dkt. 48.  But after Accede did not respond to the Amended Complaint and the Court

ordered Plaintiff to seek a Certificate of Default as to Accede, Dkt. 50, Plaintiff informed the Court

that service on Accede had not been proper because the Secretary of State's address for Accede was

out of date and attempted service by an independent process server was unsuccessful because "the subject agent or principal for Accede had moved." Dkt. 54. Plaintiff requested a forty-five day extension of its time to serve Accede "to allow time for an investigation to be completed, and proper service to be made upon Accede," *id.*, which the Court granted, Dkt. 56. On May 4, 2026, Plaintiff filed another request to extend his time to serve Accede—this time by thirty days—stating that "Plaintiff has been investigating new addresses for service and recently a correct and valid address was located." Dkt. 63 ("Motion") at 1. The two other Defendants in this action, BP Products North America, Inc. ("BP") and Heron Real Estate Corp. ("Heron"), oppose the extension request. Dkt. 65 ("Opposition") at 1.

BP and Heron contend that "further delay will prejudice [them]." *Id.* Discovery concluded on April 13, 2026, *see* Dkt. 60, and the parties are proceeding to mediation, *see* Dkt. 62. BP and Heron argue that, if the parties reach a resolution in mediation and "Accede is served thereafter, discovery between Plaintiff and Accede will inevitably follow, at which point [BP and Heron] would likely be forced to engage in discovery as third parties to a case [BP and Heron] already resolved." Opposition at 1. And if the parties do not resolve the case at mediation and Accede is served, "this would open the door to the need for discovery for/from [BP and Heron], which the Court has stated is closed." *Id.* BP and Heron thus contend that they face prejudice regardless of the success of mediation. *See id.*

Under Federal Rule of Civil Procedure 4(m), a plaintiff generally must serve all defendants "within 90 days after the complaint is filed," but "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "In determining whether a plaintiff has shown good cause, courts weigh the plaintiff's reasonable efforts and diligence against the prejudice to the defendant resulting from the delay." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010). As a practical matter, "[i]n order to

establish good cause for failure to effect service in a timely manner, a plaintiff must demonstrate that despite diligent attempts, service could not be made due to exceptional circumstances beyond his or her control." *Spinale v. United States*, No. 03 Civ. 1704 (KMW) (JCF), 2005 WL 659150, at *3 (S.D.N.Y. Mar. 16, 2005), *report and recommendation adopted*, No. 03 Civ. 1704 (KMW) (JCF) (S.D.N.Y. Sept. 30, 2005), Dkt. 67.  "A party seeking a good cause extension bears a heavy burden of proof," and "[g]ood cause may not be based only on a showing that the plaintiff encountered some unanticipated difficulty." *Id.*

Here, Plaintiff has not presented sufficient evidence of his diligence or of exceptional circumstances.  Though Plaintiff has represented that he investigated Accede's address and recently found its "correct and valid address," Plaintiff has evidently declined to serve Accede up to this point.  Motion at 1.  Plaintiff has not provided any reason for that neglect.  Accordingly, Plaintiff has not shown good cause for the delay.

However, "[i]n the absence of good cause, the Court nevertheless retains the discretion to grant an extension of time to serve the defendant." *Blanco v. Success Acad. Charter Schs., Inc.*, 722 F. Supp. 3d 187, 206 (S.D.N.Y. 2024) (citation modified); *accord Buon v. Spindler*, 65 F.4th 64, 75 (2d Cir. 2023).  Courts generally consider four factors to determine if a service extension is appropriate where good cause is missing: "(1) whether any applicable statutes of limitations would bar the action once re-filed; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether [the] defendant attempted to conceal the defect in service; and (4) whether [the] defendant would be prejudiced by extending [the] plaintiff's time for service." *DeLuca*, 695 F. Supp. 2d at 66.  Balancing these factors, the Court finds that a discretionary extension is not justified.

The first factor is neutral because the Amended Complaint does not state the date of Plaintiff's alleged injury.  *See generally* Am. Compl.  The limitations periods for all of Plaintiff's

3

claims are three years.  *See Purcell v. N.Y. Inst. of Tech.–Coll. of Osteopathic Med.*, 931 F.3d 59, 65 (2d Cir. 2019) (discussing the limitations period for Americans with Disabilities Act claims); *Ilyas v. Dashlane USA, Inc.*, No. 25 Civ. 6621 (JPO), 2026 WL 962485, at *3 (S.D.N.Y. Apr. 9, 2026) (same for New York State Human Rights Law and New York City Human Rights Law claims).  The second factor weighs against Plaintiff, as he has not provided any evidence that Accede has actual notice of the claims against it.  The third factor is neutral, as Accede has not appeared.

The fourth factor, which considers prejudice to the defendant, weighs heavily against Plaintiff.  "Courts in this Circuit have found such prejudice where service would be made at a later stage of litigation, such as when discovery has completed."  *Blanco*, 722 F. Supp. 3d at 207.  Here, discovery concluded nearly one month ago and the parties have agreed to proceed to mediation. Were Accede to appear before mediation, it would face severe prejudice because it would not have the benefit of discovery as the parties explore a potential resolution.  BP and Heron would also be prejudiced by an extension of time to serve.  *See Walton v. Lee*, No. 15 Civ. 3080 (PGG) (RWL), 2019 WL 1437912, at *10 (S.D.N.Y. Mar. 29, 2019) (considering the effect of an extension on the defendants who had already appeared), *adopting report and recommendation*, No. 15 Civ. 3080 (PGG) (RWL) (S.D.N.Y. Feb. 21, 2019), Dkt. 145.  Re-opening discovery to accommodate Accede—either because mediation was postponed or because it did not lead to a resolution of this action—would prejudice BP and Heron by prolonging this litigation and imposing on them the expenses of renewed discovery, after having already participated in discovery for nearly six months.

On net, the factors weigh against granting Plaintiff's request.  Moreover, "however those factors might balance out in the abstract, here, they must be viewed in the context of [Plaintiff's] abject failure to justify adequately his untimely service" on Accede.  *Fantozzi v. City of New York*, 343 F.R.D. 19, 31 (S.D.N.Y. 2022).  "To obtain a discretionary extension absent a showing of good

cause, the plaintiff must ordinarily advance some colorable excuse for neglect." *Id.* at 29 (citation modified).  As discussed above, Plaintiff has not offered any reason for failing to serve Accede despite having recently found an address for service.  *See generally* Motion.

Accordingly, the Court denies Plaintiff's request to further extend his time to serve Accede. Plaintiff's claims against Accede are dismissed without prejudice.  *See* Fed. R. Civ. P. 4(m).

In addition, the parties are ordered to file a joint status letter within seven days of mediation advising the Court whether they reached a resolution of this action and, if not, proposing next steps.

The Clerk of Court is respectfully directed to dismiss this action as to Accede Inc.

SO ORDERED.

Dated: May 11, 2026
        New York, New York

_____
JOHN P. CRONAN
United States District Judge

5